## FRANK JANI

*vs.*

## PRATT, READ & CO. ET AL.

(Appeal from Award of Compensation Commissioner)

Superior Court      Middlesex County      File No. 9094

MEMORANDUM FILED JANUARY 22, 1945.

*Josem & Sullivan,* of South Norwalk, for the Plaintiff.

*Edward S. Pomeranz,* of Hartford, for the Defendants.

INGLIS, J. This is an appeal from an award of the Workmen's Compensation Commissioner for the Second Congressional District, denying additional compensation to the plaintiff. It appears from the finding that on December 30, 1942, the plaintiff sustained a fractured pelvis, which is the subject of a voluntary agreement as to compensation, approved on January 19, 1943. Apparently the compensation provided for in that agreement has been fully paid and the plaintiff has returned to work. It is found by the Commissioner that he is now working and earning wages equal to or in excess of those which he earned previous to the injuries. He is, however, suffering now from impotence and urinary incontinence. It is not specifically found that this condition was the result of the accident in which he was injured, but for the purposes of this memorandum it will be assumed that if the case were returned to the Commissioner for a finding on this matter he would so find. The question to be decided, therefore, is as to whether the plaintiff upon such a finding would be entitled to additional compensation for the condition of which he now complains.

The Workmen's Compensation Act contemplates three and only three kinds of compensation; compensation for total incapacity to work, compensation for partial incapacity to work, and compensation for certain specific injuries. This plaintiff has already received all the compensation for total and partial incapacity to work to which he is entitled. He is now back at work and is suffering no diminution of his actual earnings by reason of the accident. To be entitled to any additional compensation, therefore, he must bring himself within the provisions of the act relating to compensation for specific injuries.

These provisions are contained in section 5237 of the General Statutes, Revision of 1930, as amended by section 1328e of the 1939 Supplement to the General Statutes. This section lists as being subject to compensation for a specific number of weeks respectively in addition to the compensation elsewhere provided for total incapacity, the loss of or the loss of the use of, certain specific members of the body, such as arms, hands, legs, feet, fingers and toes, and the loss of hearing and eyesight. It also provides for compensation for disfigurement of the face, neck, head or hands. Nowhere in the section is any mention made of impotence or urinary incontinence. The section does provide that: "In case the injury shall consist of the loss of substantial part of a member resulting in a permanent partial loss of the use of the member, or, in case the injury shall result in a permanent partial loss of function, the commissioner may, in his discretion, in lieu of other compensation, award to the injured person such a proportion of the sum herein provided for the total loss of, or loss of the use of, such member....as shall represent the proportion of total loss or loss of use found to exist." This provision alone, referring as it does to an injury to a member, might be stretched to cover the loss of function of the reproductive members of a man's body or the urinary members. However, it does not stand alone. The purpose of the sentence clearly is only to provide compensation for partial loss or loss of function of the particular members of the body for which the section has just provided compensation for total loss or loss of function. This is made absolutely clear by the fact that the very next sentence reads: "The word "member" shall include all portions of the human body referred to in subsections (a) and (k) inclusive", —the subsections which list the specific members for the loss or loss of use of which specific compensation is to be awarded.

Accordingly, it must be concluded that the Act does not provide for compensation specifically for loss or loss of use of the members of the body which control reproduction and urination. Injury to those members is not within the list of specific injuries calling for additional compensation, and therefore such injuries are not entitled to such compensation.

Judgment may enter denying the appeal and affirming the award.